IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 13-348 (LPS) |
| HTC CORPORATION and HTC AMERICA, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## DEFENDANTS HTC CORP. AND HTC AMERICA, INC.'S ANSWER TO COMPLAINT

Defendants HTC Corporation ("HTC Corp.") and HTC America, Inc. ("HTC America"), (collectively "the HTC Defendants"), by and through their undersigned counsel, answer the Complaint of Technology Innovations Associates, LLC ("Plaintiff") as follows:

## THE PARTIES

1.      The HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore deny these allegations.

2.      The HTC Defendants admit that HTC Corp. is a corporation organized under the laws of Taiwan, with its principal place of business in Taipei, Taiwan, R.O.C.  The HTC Defendants deny the remaining allegations of Paragraph 2.

3.      The HTC Defendants admit that HTC America is a corporation organized under the laws of the State of Washington, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005.  The HTC Defendants admit that HTC America's registered agent for service of process is National Registered Agents, Inc., 505 Union Avenue SE, Suite 120, Olympia, WA 98501.

**JURISDICTION AND VENUE**

4.      The HTC Defendants admit that Plaintiff purports to bring an action for patent infringement and that the Court has subject matter jurisdiction over such matters, provided that standing and other requirements are met.   The HTC Defendants deny the remaining allegations of Paragraph 4.

5.      The HTC Defendants do not contest that this Court has personal jurisdiction over HTC Corp. and HTC America.   The HTC Defendants deny the remaining allegations of Paragraph 5.

6.      The HTC Defendants do not contest that venue is technically proper in this District, but deny that this District is a convenient or appropriate venue for this action.   The HTC Defendants deny the remaining allegations set forth in Paragraph 6.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,840,619**

7.      The HTC Defendants admit that Plaintiffs have attached what purports to be a copy of U.S. Patent No. 7,840,619 ("the '619 Patent") as Exhibit A to the Complaint, and that on its face the '619 Patent states that it issued on November 23, 2010 and is entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources." The HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7, and therefore deny these allegations.

8.      The HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore deny these allegations.

9.      Denied.

2

10.     Denied.

11.     Denied.

12.     Denied.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,280,932

13.     The HTC Defendants admit that Plaintiffs have attached what purports to be a copy of U.S. Patent No. 8,280,932 ("the '932 Patent") as Exhibit B to the Complaint, and that on its face the '932 Patent states that it  issued on October 2, 2012 and is entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources."  The HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13, and therefore deny these allegations.

14.     The HTC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and therefore deny these allegations.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint filed by Plaintiff constitutes a Prayer for Relief, to which no response is required.  To the extent that a response is required, the HTC Defendants deny that Plaintiff is entitled to the requested relief, or any relief whatsoever, and deny any

allegations implicit in such request.  Any allegations of Plaintiff's Complaint not otherwise answered or admitted above are hereby denied.

## DEFENSES

### FIRST DEFENSE
### (No Infringement)

The HTC Defendants have not infringed and do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '619 Patent or the '932 Patent.

### SECOND DEFENSE
### (Invalidity)

Each of the claims of the '619 Patent and of the '932 Patent is invalid and/or unenforceable for failure to satisfy the requirements of patentability including, but not limited to, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE
### (Limitations of Damages)

Plaintiff's claim for damages, if any, against the HTC Defendants for alleged infringement of the '619 Patent and/or the '932 Patent is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### FOURTH DEFENSE
### (Limitation on Costs)

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

### FIFTH DEFENSE
### (Prosecution History Estoppel)

Plaintiff is estopped from asserting that the HTC Defendants have infringed one or more claims of the '619 Patent or the '932 Patent because of certain statements and

admissions made to the United States Patent and Trademark Office during the prosecution of the '619 and '932 Patent applications.

## SIXTH DEFENSE
### (Failure To State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE
### (Delay, License, Exhaustion)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or acquiescence due to its inaction in timely asserting the patent, express or implied license, and/or patent exhaustion.

## EIGHTH DEFENSE
### (Government Use)

To the extent certain products accused of infringing one or more of the patents-in-suit are used by and/or manufactured for the United States Government, Plaintiff's claims against the HTC Defendants with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

## NINTH DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because, *inter alia*, any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

The HTC Defendants reserve the right to assert any other defenses, including, without limitation, unenforceability for inequitable conduct that further discovery and/or investigation may reveal.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the HTC Defendants respectfully request the following relief:

1.    A judgment dismissing Plaintiff's Complaint with prejudice as to the HTC
      Defendants;

2.    A judgment denying the relief requested by Plaintiff;

3.    A declaration that this case is exceptional within the meaning of 35 U.S.C.
      § 285 and awarding the HTC Defendants their costs and attorneys' fees in
      connection with this action; and

4.    An award of any such further relief that this Court deems just and proper.

### JURY DEMAND

The HTC Defendants hereby demand a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eleanor G. Tennyson*

Karen Jacobs Louden (#2881)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
etennyson@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Jerry R. Selinger
Susan E. Powley
PATTERSON & SHERIDAN LLP
1700 Pacific Avenue
Suite 2650
Dallas, TX  75201
(214) 720-2200

May 31, 2013

7236639

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 31, 2013, upon the following individuals by electronic mail:

Richard D. Kirk (#922)                                      *VIA ELECTRONIC MAIL*
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
  *Attorneys for Plaintiff*

Paul V. Storm                                              *VIA ELECTRONIC MAIL*
Sarah M. Paxson
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com
  *Attorneys for Plaintiff*

_/s/ Eleanor G. Tennyson_____
Eleanor G. Tennyson  (#5812)